UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAIKA GARCIA, an individual

       Plaintiff,

v.                                   Case No:   2:15-cv-214-FtM-29CM

AEROFLEX MANAGEMENT
CORPORATION,

       Defendant.

_____

## ORDER

      This matter comes before the Court upon review of Plaintiff's Emergency Motion to Quash Subpoena and Incorporated Memorandum of Law (Doc. 19) filed on November 30, 2015.   In compliance with this Court's order to file a response by end of business on December 2, 2015 (Doc. 20), Defendant timely filed Defendant's Opposition to Plaintiff's Emergency Motion to Quash Subpoena and Incorporated Memorandum of Law.   Doc. 21.   The motion, therefore, is ripe for review.

      Plaintiff seeks to quash a subpoena directed to Plaintiff's subsequent employer, TJX Companies, Inc. d/b/a T.J. Maxx.   Doc. 19 at 1.   Plaintiff labeled her motion as an "emergency" based on the belief that the subpoena[1] was unilaterally issued on November 23, 2015 and demands compliance on or before December 7, 2015.   In its response, Defendant states that

---

[1] *See* Doc. 19-1 labeled "Notice of Service of Subpoena" and the accompanying subpoena.

[Defendant] provided Plaintiff notice of its intent to serve a subpoena on TJ Maxx in advance of service of the subpoena.   Plaintiff's informal objection was received before [Defendant] served the subpoena, and Defendant did not serve the subpoena while it attempted to meet and confer.   Plaintiff filed her emergency motion within minutes of the parties' meet-and-confer telephone conference.   The subpoena remains unserved pending the resolution of this discovery dispute.

Doc. 21 at 1, n. 1.

At the outset, Plaintiff is advised that the use of the term "emergency" on the title of a pleading should be used only in extraordinary circumstances, when there is a true and legitimate emergency.   When a pleading is labeled as an "emergency," the Court is compelled to immediately divert its attention from other pending matters and to focus on the alleged emergency.   The present motion does not constitute an emergency as the subpoena has not been served, and the parties' discovery deadline is April 4, 2016.   Doc. 17 at 1.   It is unclear why the parties did not discuss whether the subpoena had already been issued in their previous communications[2] regarding this issue; however, they are reminded that "[d]iscovery in this district should be practiced in the spirit of cooperation and civility."   *See* Middle District Discovery, A

---

[2]    Plaintiff received the subpoena on November 23, 2015. Doc. 19-1 at 1.   On that evening, Plaintiff's counsel e-mailed Defendant's counsel advising of Plaintiff's objection to the subpoena and intent to move to quash the subpoena.   Doc. 21-1 at 1. Plaintiff did not state that he intended to file an emergency motion.   *See Id.* Defendant's counsel replied with "it would be premature to move to quash the subpoena . . . without articulating to me the precise issues." Id.   On November 30, 2015, both counsel conferred by telephone.   *See* Docs 19 at 11, 21 at 1, n. 1.   Then, "Plaintiff filed her emergency motion within minutes of the parties' meet-and-confer telephone conference."   Doc. 21 at 1, n. 1.   Defendant argues that Plaintiff's motion "would more appropriately be characterized as a motion for protective order, given that the subpoena is directed at a third party, but has not been served on it."   *Id.* (citations omitted).   Defendant does not provide any information whether it informed Plaintiff that the subpoena was not served.

Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § I.A.1.   Nonetheless, the Court will address the merits of the motion at this time.[3]

## Background

On April 2, 2015, Plaintiff filed a complaint against Defendant alleging violations of the Americans with Disabilities Act, as Amended (ADAAA), the Florida Civil Rights Act (FCRA), and Family and Medical Leave Act (FMLA).   *See* Doc. 1. Plaintiff alleges that she was employed by Defendant from February 2012 through May 2014.   Docs. 1 at 2, 21-3 at 10.   Plaintiff suffered from complications of the neurological system, specifically due to an operable brain tumor, which resulted her needing to take brief breaks during work hours and occasionally miss time from work while she attended medical appointments.   Doc. 19 at 2.   Plaintiff alleges that "Defendant discriminated against her with respect to her disability/serious health condition and retaliated against her when she requested reasonable accommodations."   Doc. 19 at 3.   Plaintiff was terminated from her employment on or about May 6, 2014.   Doc. 21-3 at 10.   Plaintiff seeks back pay and all other benefits, front pay and benefits such as insurance and retirement benefits, reimbursement for all expenses and financial losses, compensatory damages, punitive damages, and reasonable attorney's fees.[4]   *See* Docs. 1, 21-3 at 4-9.

---

[3] While the Court makes an exception in this instance, it is not setting a precedent that by simply labeling a motion an "emergency," the parties will receive an expedited ruling.   The Court reserves the right to return any motions falsely labeled an "emergency" without taking any action on such motion.

[4] She also seeks injunctive relief and declaratory relief.

On June 29, 2015, Defendant filed its answer and affirmative defenses.   Doc. 13.   As its seventh affirmative defense, Defendant states "Plaintiff's claims for monetary relief and damages are barred to the extent that Plaintiff failed to mitigate her damages.   Defendant is entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts." Doc. 13 at 7.   The parties have been engaging in discovery; Defendant has propounded interrogatories to Plaintiff and has taken her deposition.   See Docs. 21-2, 21-3.   In her response to Defendant's interrogatories, Plaintiff states the following regarding her subsequent employment:[5] "I worked part time, for about 2 months (May 2015 – July 2015), at TJ Max in Naples, FL in the warehouse processing merchandise making $9.00 per hour, no benefits. The last 2 weeks I was only scheduled for 4 hours so I quit that job."   Doc. 21-3 at 8.   In her deposition, Plaintiff testified that her position was temporary.   Doc. 21-2.

Plaintiff argues that the subpoena did not give adequate time to respond, that it seeks information that is confidential in nature and should be protected from wide dissemination, that it is overly broad on its face, and that it seeks information that is not relevant or likely to lead to the discovery of admissible evidence.   *See generally* Doc. 19.   Plaintiff seeks to quash the subpoena and seeks a protective order prohibiting the Defendant from discovering the information sought in the subpoena.

---

[5] Defendant states that Plaintiff verified her responses.   The last page of her interrogatory responses states "See Signed Verification Page on CD produced in response to Defendant's Request for Production," however no verification page has been produced for the Court's benefit.   See Doc. 21-3 at 20.   Regardless, the Court has no reason to believe that the responses were not verified.

Doc. 19 at 1.   Defendant argues that the information sought is directly relevant to plaintiff's duty to mitigate, which Defendant has a duty to prove.   *See generally* Doc. 21.

## Analysis

Plaintiff brings her motion pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure.   As such, the Court will briefly discuss each Rule. "Ordinarily a party does not have standing to quash a subpoena [under Fed. R. Civ. P 45] served on a third party unless the party seeks to quash based on a personal right or privilege relating to the [discovery] being sought." *Maxwell v. Health Ctr. of Lake City, Inc.,* 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006).   In considering whether a party had standing to move to quash a subpoena duces tecum, courts have found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena. *Barrington v. Mortage IT, Inc.,* No. 07-61304-CIV, 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007)(collecting cases).

Pursuant to Rule 45, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). While Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, the scope of discovery under a subpoena is the same as the scope of

discovery under Rule 26.   *See Barrington,* 2007 WL 4370647, at \*2.   Rule 26 permits

"discovery regarding any nonprivileged matter that is relevant to any party's claim

or defense . . . [and the] [i]nformation within this scope of discovery need not be

admissible in evidence to be discoverable."   Fed. R. Civ. P. 26(b)(1).   The term

"relevant" is "construed broadly to encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be

in the case."   *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Plaintiff argues that the subpoena should be quashed because it was issued on

November 23, 2015 and demands compliance within a mere 14 days, on or before

December 7, 2015, in violation of Local Rule 3.02.   Doc. 19 at 1.   Local Rule 3.02

relates to notice of depositions, which is not pertinent here.   Notably, Fed. R. Civ. P.

45(d)(2)(B) affords a non-party subpoenaed 14 days within which to lodge objections;

however, Plaintiff does not have standing to object on this ground. Additionally, as

noted, the subpoena has not been issued.

Plaintiff next argues that the subpoena should be quashed because her

personal file is confidential and should be protected from dissemination.   Doc. 19 5.

As authority for this proposition, Plaintiff relies on *Maxwell,* 2006 WL 1627020, at

\*5.   In *Maxwell*, Plaintiff's complaint alleged unlawful discrimination and

retaliation in violation of the Florida Civil Rights Act as one of its counts.   *Id.* at \*1.

The magistrate judge in *Maxwell*, however, recognized that a Plaintiff may

sometimes waive her privacy interests in her personnel files when she brings a claim

for discrimination.   *Id.* (relying on *Brady v. Central Indiana Regional Blood Center,*

1999 WL 33912610, *1 (N. D. Ind. Oct. 6, 1999), which stated that by bringing a Title VII claim of harassment or retaliatory discharge, the plaintiff waives most of her privacy interests).   Accordingly, by filing this public lawsuit with the claims and damages asserted, Plaintiff has waived this argument.   *See also Barlow v. Dupree Dupree Logistics,* LLC, 2015 WL 4646812, at *7 (Aug. 5, 2015)

Next, Plaintiff argues that the subpoena should be quashed because the information sought is not relevant or likely to lead to the discovery of admissible evidence.   Doc. 19 at 1.   First, the Court notes that the cases on which Plaintiff relies to support this argument involve discovery of *past* employment records and, as such, are inapposite here.   Courts addressing the discoverability of subsequent employment records when relevancy hinged upon proving a mitigation defense have held that those records are relevant and discoverable.   *See Barlow*, 2015 WL 4646812, at *7; *EEOC v. Nordstrom, Inc.,* 2008 WL 5070145 (S.D. Fla. Nov. 24, 2008). Because Plaintiff has put at issue the reasons for her discontinued employment with TJ Maxx, her employment records are relevant to Defendant's mitigation defense.

Plaintiff concedes that "Defendant's only remotely possible [a]ffirmative [d]efense . . . relevant to the subpoena is that the Plaintiff allegedly has failed to mitigate her damages and/or that Defendant is entitled to a set-off of any subsequent earnings by Plaintiff."   Doc. 19 at 4. See also 21-1.   While Plaintiff recognizes this possible affirmative defense, she does not provide any specific reasons to rebut why her employment records are relevant to Defendant's mitigation defense.   Defendant, on the other hand, argues that the discovery sought is critical to the potential tolling

of Plaintiff's damages, any set-off against those damages, and Plaintiff's eligibility for re-hire.   Doc. 21 at 9-10. The Court is persuaded by these arguments.

Plaintiff's argument that the subpoena is overly broad also is unavailing. Aside from reciting the language of the subpoena, Plaintiff does not provide any specific reasons for why it is overbroad except for the conclusory statement that "the subpoena is overly broad on its face" and "the requests are grossly overbroad."   See Doc. 19 at 3-4.   Absent some specific reasons, the Court cannot accept this argument. *See Panola Land Buyer's Assn. v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985) (objections of overbreadth, undue burden and relevance are too vague "to allow the magistrate and the district court, absent an abuse of discretion, to grant the motion for a protective order).

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   "Rule 26(c) gives the district court discretionary power to fashion a protective order."   *Farnsworth v. Procter & Gamble, Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985).   When evaluating whether a movant has satisfied his burden of establishing "good cause," a court should balance the non-moving party's interest in obtaining discovery against the moving party's proffer of harm that would result from the discovery.   Id. at 1547.   Defendant's interests relate to its trial preparation and defense.   Specifically, Defendant seeks the information listed in the subpoena for the preparation of its mitigation defense.   Defendant's interests are important, "and great care must be taken to avoid their unnecessary infringement."   Id.   For the

reasons stated herein, the Court finds that Plaintiff has failed to show good cause for the protective order.   The Court, in its discretion, finds that the balance weighs in favor of the Defendant as to the employment records of Plaintiff's subsequent employer, TJ Maxx.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Emergency Motion to Quash Subpoena and Incorporated Memorandum of Law (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record